LOTTINGER, Judge.
Plaintiff-appellant, Magee Motors, Inc., brought this suit in redhibition against defendant-appellee, Guerdon Industries, Inc., seeking to rescind the sale of a double wide mobile home manufactured by Guer-don and sold to Magee. The Lower Court rendered judgment in favor of Guerdon and against Magee dismissing the action with prejudice, costs to be paid by plaintiff. From this judgment, the plaintiff perfected this devolutive appeal.
*762 Plaintiff, Magee, is an automobile dealership also engaged to a small extent in the sale of mobile homes. Defendant, Guerdon, delivered the mobile home in question to Magee in Franklinton, Louisiana, on February 20, 1973, although Magee had not ordered the home. Be that as it may, Magee purchased the mobile home from Guerdon on April 20, 1973. Mr. Robert Magee, plaintiff’s owner and president, testified that the defendant had agreed to take the return of the mobile home if plaintiff was not able to sell it within sixty days. Defendant denies that it entered into such an agreement with plaintiff. According to plaintiff, this agreement for the return of the mobile home was made over the telephone with an agent of defendant, and there is no written or other evidence of such an agreement. Though the Trial Judge did not so state in his reasons for judgment, it is apparent that he was of the opinion that the plaintiff did not prove the existence of such an agreement.
The mobile home was delivered to plaintiff as two separate units with the open side of each unit sealed with heavy paper. Plaintiff’s ground for this redhibitory action is that the open side of each unit was not properly sealed by the paper, allowing moisture to get in while in storage and causing damage to the ceiling and floor in particular. The paper used to seal the open side of each unit was asphalt coated on one side to repel water. The opposite side of the paper was not treated. Plaintiff’s expert witness testified that in sealing the units, defendant had placed the protective asphalt coated side of the paper on the inside and the plain untreated side exposed to the weather. This caused the paper to absorb water rather than repel it. It is plaintiff’s position that it was the defendant’s obligation to seal the open side of each unit in such a manner that the units could be stored without being assembled together for a considerable period of time while awaiting resale. It is defendant’s position that the protective paper applied to the open side of each unit was temporary only and to protect the units in transit and for a short period of time until the purchaser could properly assemble the two units together or provide for some more permanent protection if the units were not to be immediately assembled.
The mobile home was delivered to plaintiff’s lot on February 20, 1973, and after much negotiations and discussions, the plaintiff reached an agreement and purchased the mobile home on April 20, 1973. James Magruder, plaintiff’s sales manager, testified that on delivery he noticed that the protective paper had torn and had been taped, and that he discovered that moisture was getting into the units about five or six months after delivery. It is also apparent from the testimony of Mr. Magee that the paper seal had tears in it when the trailer arrived, and that he was aware of water damage prior to the purchase of the unit on April 20, 1973. It is the contention of plaintiff that the mobile home is unsalable because of the water damage.
Plaintiff-appellant argues that the Trial Judge erred (1) in failing to find that the improper sealing by defendant was a hidden defect, and (2) in holding that the damage was due to improper storage by the plaintiff.
LSA-C.C. art. 2520 provides:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.” (Emphasis added.)
LSA-C.C. art. 2521 provides:
“Apparent defects, that is, such as the buyer might have discovered by a simple inspection, are not among the number of redhibitory vices.”
From the record it is clear to us that Magee knew of some water damage prior *763 to the purchase of the mobile home, and therefore he cannot now under LSA-C.C. arts. 2520 and 2521 complain of any hidden defects. A simple inspection by him prior to the purchase would have shown the full extent of the water damage present, and being in the business of selling mobile homes, we do not find it as any great burden for him to have done so. Therefore, we agree with the Trial Judge in finding that the plaintiff has failed to prove hidden defects at the time of the sale, April 20, 1973.
Since we agree that there were no hidden defects in the mobile home at the time of the sale, there is no need for us to discuss the responsibility of plaintiff to properly store the mobile home after he had purchased it.
Therefore, for the above and foregoing reasons, the judgment of the Lower Court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.